IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Donald A. McGhee, | : | Criminal No. 2:09-cr-119 |
| Petitioner | : | Civil No. 2:13-cv-624 |
| v. | : | Judge Graham |
| Warden, FCI Otisville | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Donald A. McGhee, a prisoner at FCI Otisville, brings this action for writ of habeas corpus under 28 U.S.C. §2255. This matter is before the Magistrate Judge for report and recommendation on the §2255 petition and respondent's answer .

On May 12, 2009, the Grand Jury for the Southern District of Ohio returned a four count indictment, charging Donald McGhee in Count 1 with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(A) and in Count 2 with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1). (Doc. 12.) In Counts 3 and 4, the United States sought forfeiture of U.S. currency and a firearm that related to these offenses. On August 18, 2009, a superseding indictment, charging McGhee again with the crimes and forfeitures in Counts 1-4 of the original indictment and adding one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(C) and one count of

possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(B). (Doc. 17.)

On December 10, 2009, in accordance with a signed plea agreement (doc. 39), McGhee pled guilty to Counts 1 and 2 of the superseding indictment. (Transcript of December 10, 2009 Plea Proceeding, Doc. 67.) During the plea hearing, McGhee specifically acknowledged that: (1) the amount of cocaine base used to commit the drug trafficking offense was 50 grams or greater and carried a minimum mandatory sentence of 10 years. (Transcript, *Id.*, 9-1 0);  (2) he was aware that Count 2 carried a mandatory minimum of 5 years to a maximum of life. and; (3) Count 2 would run consecutive to Count 1. (*Id.*, 11 and 23.) McGhee further agreed with the facts recited by SA Richard Griggs from the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in which SA Griggs stated that a firearm, 70.95 grams of crack cocaine, and 6 unit doses of buprenorphine and naxalone were inside McGhee's vehicle during the traffic stop on August 20, 2008. (*Id.*, 25 and 26). McGhee initially denied that the firearm assisted in his drug trafficking activities. (*Id.*, 27- 28.) However, after a brief recess with his counsel, McGhee acknowledged that he possessed the firearm in furtherance of his drug trafficking crime. (*Id.*, 30).

The presentence investigation report calculated the Sentencing Guidelines for Count 1 at Total Offense Level 27, Criminal History Category VI, with an imprisonment range of 130-162 months. The Probation Department also calculated the Sentencing Guidelines in accordance with Fair Sentencing Act of 2010 (FSA). The FSA Guideline calculation for Count 1 resulted in a Total Offense Level of 23, Criminal History Category VI, with an

imprisonment range of 92-115 months. On December 7, 2010, the United States filed a motion for a two-level downward departure pursuant to §5Kl.1 of the U.S.S.Gs and 18 U.S.C. §3553(e). (Doc. 48.)

On December 9, 2010, during McGhee's sentencing hearing, the Court granted the two level downward departure for Count 1 resulting in a Total Offense Level 21 (under the FSA), Criminal History Category VI, with an imprisonment range of 77-96 months. (Transcript of December 9, 2009 Sentencing Hearing, 4, Doc. 63.). The Court sentenced Donald McGhee to 72 months on Count 1, followed by a consecutive term of 60 months on Count 2, for a total term of incarceration of 132 months.(*Id.*, 12-13). The United States then dismissed the two counts that had been added in the superseding indictment. (*Id.*, 14).

Petitioner filed this §2255 petition to determine whether he is eligible for any relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In that case, Alleyne was convicted by a jury of using or carrying a firearm during the commission of a robbery. The sentencing judge found that the weapon was brandished, which carries a mandatory minimum seven year sentence. 18 U.S.C. § 924(c)(1)(A)(ii). Using or carrying a firearm in the commission of a crime of violence carries a mandatory minimum five year sentence. 18 U.S.C. § 924(c)(1)(A). The Supreme Court held that facts that increase the mandatory minimum punishment must be found by the jury beyond a reasonable doubt. 133 S.Ct. at 2155, 2160-61.

Here McGhee pled guilty to distributing 50 or more grams of cocaine base and possession of a firearm in the furtherance of that crime. He acknowledged that he

understood that the mandatory minimum penalty for possession of a firearm in the furtherance of a drug trafficking offense was five years in prison to be served after he served the sentence imposed for the drug trafficking offense. Since his guilty pleas established the facts required to be proved for the mandatory minimum sentences, *Alleyne* does not apply. *See, United States v. Johnson*, 732 F.3d 577, 583-84 (6th Cir. Oct. 7, 2013). He is entitled to no relief under *Alleyne*.

Accordingly, it is RECOMMENDED that the §2255 petition be DENIED and that this case be DISMISSED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>United States Magistrate Judge